IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL O. RIDDLE                                                                                       PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:05CV86-B-A

FRED'S, INC., STORE #2410                                                                      DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiff, Michael O. Riddle, filed the present action in the Circuit Court of Union County, Mississippi, on June 28, 2005, alleging that the defendant's negligence caused an unreasonably dangerous condition which resulted in the plaintiff's alleged injuries. The complaint does not allege a specific amount of damages.

The defendant, Fred's, Inc., removed the action on July 11, 2005, asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. §1332 based on complete diversity of the parties and the defendant's assertion that the amount in controversy exceeds $75,000 exclusive of interest and costs. The plaintiff subsequently moved to remand and attached a copy of an amended complaint which asserts damages of $70,000. The amended complaint was filed in the Circuit Court of Union County post-removal on July 18, 2005.

### Analysis

The plaintiff argues that remand should be granted because he has now limited his damages to an amount less than the jurisdictional amount required by 28 U.S.C. §1332. The

defendant notes, however, that the state court was divested of jurisdiction when the case was removed to this court on July 11, 2005, thus rendering the plaintiff's filing of the amended complaint irrelevant. The defendant further argues that the jurisdictional facts that support removal are judged at the time of removal.

The defendant cites *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995), in support of its position that once jurisdiction attaches it is not changed by subsequent affidavits or attempts to amend the complaint. The defendant fails, however, to address the *De Aguilar* court's statement "that post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved." *De Aguilar*, 47 F.3d at 1407 (citing *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S. Ct. 685, 126 L. Ed. 2d 653 (1994)). The court agrees with the defendant that the state court was divested of jurisdiction upon removal and that the amended complaint was, therefore, not properly filed. However, the amended complaint, which has been attached to the plaintiff's motion to remand, stands as the plaintiff's representation to this court that he seeks less than the amount of damages required for the court's exercise of jurisdiction.

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant in the case at bar has made no effort to prove that the amount in controversy exceeds $75,000. The plaintiff, on the other hand, has asserted on the record that the amount is, in fact, less that $75,000. The court, therefore, finds that the case should be remanded. The plaintiff has bound himself to $70,000 in

damages, and if, upon remand, he attempts to recover more than $75,000, his case will again be subject to removal.

## Conclusion

For the foregoing reasons, this court finds that the plaintiff's motion to remand is well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 29th day of March, 2007.

/s/ Neal Biggers

_____

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**